IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,  )<br>425 Third Street SW, Suite 800  )<br>Washington, DC 20024,  )<br>   )<br>             Plaintiff,  )<br>   )     Civil Action No.<br>v.  )<br>   )<br>UNITED STATES DEPARTMENT  )<br>OF COMMERCE,  )<br>1401 Constitution Avenue, NW  )<br>Washington, DC 20230,  )<br>   )<br>             Defendant.  )<br>_____ ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Commerce to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Commerce is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 1401 Constitution Avenue, NW, Washington, DC 20230.

## STATEMENT OF FACTS

5. On February 6, 2017 Plaintiff submitted a FOIA request to the National Oceanic and Atmospheric Administration ("NOAA"), a component of Defendant, seeking the following:

> Any and all records of communications between NOAA scientist Thomas Karl and Director of the Office of Science and Technology Policy John Holdren.

The timeframe of the request was identified as "January 20, 2009 through January 20, 2017." The request was submitted by certified mail.

6. According to U.S. Postal Service records, the request was received by NOAA on February 7, 2017.

7. NOAA confirmed that it received the request on February 8, 2017, assigning the request Tracking Number DOC-NOAA-2017-000580.

8. As of the date of this Complaint, Defendant has failed to: (i) produce all the requested records or demonstrate that the requested records are lawfully exempt from production; and (ii) notify Plaintiff of the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

- 3 -

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request by March 31, 2017 at the latest. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination; and (iv) make the records available promptly thereafter. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to fully comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  June 29, 2017                                        Respectfully submitted,

                                                             /s/ Chris Fedeli
                                                             Chris Fedeli
                                                             D.C. Bar No. 472919
                                                             **JUDICIAL WATCH, INC.**
                                                             425 Third Street SW, Suite 800
                                                             Washington, DC 20024
                                                             (202) 646-5172

                                                             *Counsel for Plaintiff*

- 4 -